```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MAINE
```

Gregory Paul Violette

    v.                                            Case No. 2:19-cv-492-JNL

Kate Phillips and United States
Probation and Pretrial Services

**REPORT AND RECOMMENDATION**

    Plaintiff, Gregory Paul Violette, an inmate at the Federal Medical Center Devens in Massachusetts, has filed a complaint (Doc. No. 1) asserting that the defendants, a probation officer and the United States Probation and Pretrial Services office, did not respond promptly to his request for permission to travel out-of-state in November 2018, and then denied that travel request, causing Mr. Violette to lose a $3,400.00 prepaid vacation. Mr. Violette's complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915A(a).

Standard

    The court conducts a preliminary review of inmate complaints, see 28 U.S.C. § 1915A(a). Where such pleadings are filed pro se, the court construes them liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable

inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

## Discussion

Mr. Violette asserts he "paid for and planned a vacation to VA in 11/2018 and everything was prepaid," before he asked defendant Probation Officer Kate Phillips for permission to travel, and "she waited until our cancellation time passed to say [Mr. Violette] could not go" which caused Mr. Violette to lose his prepaid amount in full. Doc. No. 1, at 3. Liberally construed, the complaint asserts a claim for damages against the defendants for causing Mr. Violette to suffer the financial loss of the amount of his prepaid vacation.

Mr. Violette points to no authority upon which this court might find a viable cause of action for his claim. And this court can find none upon which relief can be granted.

To the extent he seeks to assert a claim arising under the Fifth Amendment Due Process Clause, Mr. Violette lacked any

2

protected interest in obtaining a timely, favorable response to his request for permission to travel. Federal law authorizes district judges to impose conditions of supervised release that require an individual to obtain the permission of the court or a probation officer before leaving the judicial district. See United States v. Llantada, 815 F.3d 679, 683 (10th Cir. 2016).

> Indeed, Congress has explicitly approved a probation officer's ability to grant or deny a defendant's travel requests. Under 18 U.S.C. § 3563(b)(14), a court may require a defendant to "remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer." See also U.S.S.G. § 5D1.3(c)(3).

United States v. Schwartz, No. 2:17-cr-00111-TLN, 2019 U.S. Dist. LEXIS 218455, at *4, 2019 WL 6918373, at *2 (E.D. Cal. Dec. 19, 2019).

Mr. Violette's conditions of supervised release included a restriction on his ability to travel outside of the judicial district without the permission of his probation officer or the court. See United States v. Violette, No. 1:00-cr-00026-GZS (D. Me. July 14, 2015) (ECF No. 154). The Court's Judgment in that case, including the travel restriction, provided Mr. Violette with clear notice that he could not plan a vacation without risking that his request for permission to travel would be denied. Accordingly, Mr. Violette's allegations concerning the loss he suffered due to the timing of his probation officer's denial of his request for leave to take a trip, without more,

does not give rise to any claim upon which relief could be granted.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety. Any objections to this Report and Recommendation must ordinarily be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). That fourteen-day deadline has been extended for an additional thirty days by General Order 2020-2, issued by Chief Judge Jon D. Levy on March 18, 2020. Failure to file objections within the specified time (by May 22, 2020), waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                */s/ Andrea K. Johnstone*
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

April 9, 2020

cc: Gregory Paul Violette, pro se